[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a suit brought pursuant to Connecticut General CT Page 6771 Statutes § 52-568[1] seeking double or treble damages for raising a groundless or vexatious defense. (The third and fourth counts of the complaint allege fraudulent conveyance but the parties stipulated (and the Court approved) bifurcating the trial so as to determine the groundless or vexatious claims separately.
The plaintiff (hereinafter UAG) is a corporation in the business of repairing/installing motor vehicle glass. The defendant Goodhall's Garage Inc. (hereinafter Goodhall's) was a Chrysler automobile dealership. Wallace Goodhall was the president of Goodhall's at all relevant times.
By writ, summons and complaint returnable March 26, 1996, UAG sued Goodhall's Garage Inc. claiming it was owed $4,006.17 for work done for Goodhalls.
By way of answer the defendant admitted certain paragraphs, denied others or claimed insufficient information. No special defenses were filed.
UAG had sought a pre-judgment remedy of $4600 in connection with its suit, and on May 6, 1996, Goodhall's stipulated to a cash bond in the amount requested — $4600.
UAG then moved for summary judgment, which was originally denied, but then on Motion for Reconsideration, summary judgment was granted on the issue of liability only.
A hearing in damages was scheduled on January 8, 1997. Goodhall's attorney appeared and asked for a postponement stating, apparently, that the defendant would claim UAG overcharged for its services. Goodhall had previously made the same claims but had not provided documents or other proof of claimed overcharges.
The hearing in damages was rescheduled to February 13, 1997 and the Court ordered the defendant to supply a written affidavit setting forth its offer of proof by February 3, 1997. That order was not complied with and, on February 13, 1997, the hearing in damages went forward (at which Wallace Goodhall did not appear and presumably the hearing went uncontested). After the hearing judgment entered for the plaintiff in the amount of $7190.86 including interest and costs.
Thus it took approximately twelve months from the complaint CT Page 6772 to judgment.
Thereafter UAG filed a timely motion for Special Finding pursuant to Connecticut General Statutes § 52-226a.[2]
A non-evidentiary hearing was held with counsel for both parties present. After listening to arguments of counsel and reviewing the memorandum filed by the plaintiff, the Court (Rittenband, J.) made a finding that Goodhall's defense was brought without merit and without probable cause, but recognizing that Connecticut General Statutes § 52-226a provides only that such a finding is admissible in a subsequent action brought pursuant to that statute, stated "that's for some other judge to decide or someone else to decide at a future date."
This Court likewise agrees that the special finding is a piece of evidence to be considered along with all the other evidence submitted at the trial alleging a vexatious defense.
After reviewing the testimony and exhibits, this Court concludes the plaintiff has not proven that any defenses claimed were not asserted in good faith or were without merit. Nor has the plaintiff proven, as alleged in the second count, that they were raised with a malicious intent to vex and harass the plaintiff.
It is noteworthy that in its pleadings the defendant did not raise any special defenses, but merely denied allegations or left the plaintiff to its proof. Nor did the plaintiff move for a Disclosure of Defenses. The pleadings, therefore are silent as to any defenses.
The underlying case was commenced by a request for pre-judgment remedy. Although the defendant filed an offer of proof in connection with the PJR hearing in which it claimed the amounts charged by the plaintiff were excessive, the defendant stipulated to a PJR in the amount requested by the plaintiff — $4006.17.
There were two continuances of the PJR hearing prior to the stipulation. Presumably the first continuance was routinely granted in order for the parties to exchange offers of proof and the second one was at the defendant's request as he was in Florida. CT Page 6773
Thereafter the plaintiff moved for summary judgment. After originally denying the motion the Court, (Hammer, J.) after reconsideration, granted summary judgment as to liability and a hearing in damages subsequently was scheduled. The hearing was scheduled for January 8, 1997, at which time Goodhall's attorney appeared and asked for a continuance, Goodhall's attorney indicated his client was in Florida and he also indicated they would raise the issue of over-charging if a continuance was granted.
The Court ordered the defendant to supply an affidavit with any supporting documents in support of its defense, and rescheduled the hearing in damages to February 13, 1997. There was no compliance with the order as to the defendant's offer of proof and on February 13, 1997, the hearing in damages went forward. The hearing was essentially uncontested as there were no witnesses from the defendant's side. Judgment entered for $7190.86 (including interests and costs).
At the trial in this case there was evidence from both the service manager of Goodhalls and from Wallace Goodhall which showed that Wallace Goodhall (hereinafter Wallace) the president of Goodhall's was displeased over what he felt were improperly high bills from UAG. While Wallace could not produce any documentation to support his claims, and while it is questionable that he would prevail if he had done so, the Court believes that, at the time he felt Goodhalls was being overcharged. Wallace is an elderly man suffering from a number of physical problems including diabetes, and poor eyesight. He had sold the business in 1996 and his records are in a state of disarray, thus making it difficult to locate any supporting documents, if in fact there were any.
Wallace (and Mrs. Goodhall) go to Florida for the winter months and were there during the winter of 1997, when much of the activity complained of by UAG (court hearings) was going on.
While he attended the trial here his physical infirmities were obvious, and in October 1997 his physician stated he would never be able to come to court. (Def. Exhibit B). That explains his non-appearance at the several hearings and difficulty of communications with his attorney as to records and offers of proof.
The bottom line is that this case went to judgment within one CT Page 6774 year; that the PJR was stipulated to after two continuances; that summary judgment was obtained essentially by default; that a hearing in damages, also essentially uncontested, went forward after one continuance.
In summary, the Court finds the "defense" raised, to the extent it was raised, was not without probable cause when it was raised, and at the hearing in damages when the defendant could not go forward with evidence, the matter was concluded expeditiously.
Under the facts of this case, the defense was not vexatious or groundless, nor was it raised with malice.
Therefore, judgment shall enter for the defendants as to Counts One and Two.
Klaczak, J.